UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL MONTEPEQUE RODRIGUEZ,<br><br>                       Petitioner,<br><br>v.<br><br>KRISTI NOEM, et al.,<br><br>                      Respondents. | Case No.:  26-cv-1097-CAB-DEB<br><br>**ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS** |

Petitioner Rafael Montepeque Rodriguez has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  [Doc. No. 1 ("Petition").]  He alleges that he was detained by Immigration and Customs Enforcement ("ICE") on February 9, 2026 as he was exiting a Walmart in New York "because of the way he looks, latino."  [*Id.* at 3–4.]   He claims his detention violates the Fourth and Fifth Amendments, the Administrative Procedure Act, 8 U.S.C. § 1357(a)(2), and various regulations governing the provision of bond.  [*Id.* at 4–9.]  For the following reasons, the Court **DENIES** the Petition.

## I.  BACKGROUND

Petitioner is a Guatemalan citizen who came to the United States as a minor in 2018. [Petition at 4.]  He was ordered removed in absentia.  [*Id.*]  He claims he was a minor when this happened and never received notice of the hearing.  [*Id.*]  At a later date, Petitioner moved to re-open his immigration case; the immigration judge denied the motion on

several grounds, including that it was untimely.  [Doc. No. 7 at 2.]  Petitioner did not appeal or otherwise seek judicial review of that denial.  [*Id.* at 3.]

Respondents state that Petitioner is subject to a Final Order of Removal and that his home country (Guatemala) is prepared to accept him.  [*Id.* at 2.]

## II.    LEGAL STANDARD

A writ of habeas corpus challenges the legality of a petitioner's custody and seeks to secure release from that illegal custody.  Under 28 U.S.C. § 2241, a district court may grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States."  The petitioner bears the burden of demonstrating that he is in illegal custody.  *See Martinez v. Noem*, No. 25-CV-2740-BJCBJW, 2025 WL 3171738, at *2 (S.D. Cal. Nov. 13, 2025).

## III.    DISCUSSION

### A.    Jurisdiction

Respondents contend that 8 U.S.C. § 1252(g) bars judicial review of Petitioner's claim because his detention arises from the government's decision to commence proceedings.  [Doc. No. 7 at 3.]  Because Petitioner's claim challenges his detention and not the decision to commence or adjudicate removal proceedings or execute removal orders, the Court is satisfied of its jurisdiction and proceeds to the merits.  *See Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) ("It is implausible that the mention of three discrete events along the road to deportation was a shorthand way of referring to all claims arising from deportation proceedings."); *see also Arce v. United States*, 899 F.3d 796, 800 (9th Cir. 2018) ("[W]e have limited [§ 1252(g)]'s jurisdiction-stripping power to actions challenging the Attorney General's discretionary decisions to initiate proceedings, adjudicate cases, and execute removal orders.")

### B.    Merits

Petitioner primarily asserts several claims under the Fourth Amendment and related regulations that he was unlawfully detained at Walmart without probable cause or reasonable suspicion.  [Petition at 4–6.]  He provides few details about the circumstances

of his detention beyond his claim that the only reason it occurred was because of his appearance and that Respondents "fabricat[ed] a false scheme" to establish reasonable suspicion. [*Id.* at 5.]  Even assuming Petitioner was detained based on his appearance, Petitioner does not explain why *release* is the appropriate remedy.  For example, Petitioner cites *Sanchez v. Sessions*, 904 F.3d 643, 650 (9th Cir. 2018) for the proposition that arrest in violation of immigration regulations without reasonable suspicion is unlawful. [Petition at 6.]    But the question in *Sanchez* was whether the noncitizen's Record of Deportable/Inadmissible Alien (Form 1-213) was admissible evidence of his nationality and entry without inspection in his subsequent removal proceedings.  904 F.3d at 646.  No such issue exists here. *See also Cruz v. Barr*, 926 F.3d 1128, 1146 (9th Cir. 2019) (ordering termination of removal proceedings on Fourth Amendment grounds because fruits of the regulatory violation were the only evidence of petitioner's alienage); *United States v. Crews*, 445 U.S. 463, 470 (1980) (explaining that the Fourth Amendment's exclusionary sanctions prohibit the use of unlawfully obtained evidence against the accused at trial).  At the time of his detention at Walmart, Petitioner was already subject to a Final Order of Removal and no evidence from the allegedly unlawful detention contributed to that pre-existing Final Order of Removal.

Petitioner next asserts that he is eligible for a bond hearing under several theories, including 8 U.S.C. § 1226 and the Fifth Amendment.  [Petition at 7–9.]  None of these theories succeed.  In particular, § 1226 governs arrest and detention "pending a decision on whether the alien is to be removed from the United States."  Here, Petitioner has already been ordered removed and so Respondents' detention authority does not stem from § 1226.  Instead, as Respondents argue, Petitioner is lawfully detained under 8 U.S.C. § 1231(a) and *Zadvydas* because he is subject to a Final Order of Removal and Respondents have the necessary documents to remove him to Guatemala.  [Doc. No. 7 at 4.]

In *Zadvydas v. Davis*, 533 U.S. 678, 683 (2001), the Supreme Court limited the time that a noncitizen subject to a final order of removal may be detained pending their removal.  The noncitizen shall be detained for a 90-day removal period under 8 U.S.C.

26-cv-1097-CAB-DEB

§ 1231(a)(1)(A), (a)(2).   However, after a presumptively reasonable 6-month detention period, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing."  *Zadvydas*, 533 U.S. at 701.

Here, Petitioner has not shown good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future.  Indeed, Petitioner provides no information to show he cannot be removed to Guatemala.  Moreover, Respondents have asserted—and Petitioner has not contested—that Petitioner can be repatriated to Guatemala "forthwith" because Guatemala is prepared to accept Petitioner, he has the required documentation for return, there are regular flights to Guatemala, and the only thing prohibiting Petitioner's removal is the pendency of this Petition. [Doc. No. 7 at 2–3.]  The Court therefore finds that Petitioner's detention is lawful under 8 U.S.C. § 1231 and the Supreme Court's *Zadvydas* decision.

### IV.   CONCLUSION

For the foregoing reasons, the Court **DENIES** the request for a writ of habeas corpus. The Clerk of the Court shall close the case.

It is **SO ORDERED.**

Dated: March 24, 2026

_____
Hon. Cathy Ann Bencivengo
United States District Judge

26-cv-1097-CAB-DEB